UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ALPHONSO MONTALVO RIVERA, | Case No. 5:24-cv-06740-EJD |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| FORD MOTOR COMPANY, et al., | Re: Dkt. No. 17 |
| Defendants. | |

Before the Court is Plaintiff Alphonso Montalvo Rivera's ("Rivera") motion to remand his lemon law case back to state court following Defendant Ford Motor Company's ("Ford") removal to this Court. Mot., ECF No. 17; Opp'n, ECF No. 18; Reply, ECF No. 19. After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** Rivera's motion to remand.

I.   **BACKGROUND**

Rivera commenced this action on May 28, 2024, in the Superior Court of California, County of Santa Clara. Notice of Removal, ECF No. 1. Rivera dismissed a former defendant on August 30, 2024, creating complete diversity. *Id.* Ford subsequently removed the case to this Court on September 25, 2024, based on diversity jurisdiction. *Id.* Rivera filed a motion to remand on November 6, 2024. *See* Mot. The parties do not dispute complete diversity, only whether the amount in controversy exceeds $75,000.

Case No.: 5:24-cv-06740-EJD
ORDER GRANTING MOTION FOR REMAND
1

1    Turning to the substance of Rivera's complaint, Rivera entered into a warranty contract
2    with Ford on March 25, 2021, regarding a 2021 Ford Mustang ("Subject Vehicle"). Compl. ¶ 7,
3    ECF No. 1-2. During the warranty period, Rivera alleges that the Subject Vehicle contained or
4    developed defects and nonconformities, but Ford failed to service or repair the Vehicle to conform
5    to the applicable express and implied warranties. *Id.* ¶¶ 12, 16. Rivera seeks the remedies
6    provided in California Civil Code section 1794(b)(1) including the entire contract price; a civil
7    penalty of two times Rivera's actual damages pursuant to California Civil Code section 1794(c);
8    and attorneys' fees, among other consequential and incidental damages. Rivera's complaint states
9    that he "suffered damages in a sum to be proven at trial in an amount that is not less than
10   $35,001.00." *Id.* ¶ 21. In his motion, Rivera argues that the word "damages" as used in the
11   complaint refers to Rivera's total damages, which includes actual damages, civil penalties, and
12   attorneys' fees. Ford presented the contract for purchase of the Subject Vehicle in its notice of
13   removal. Retail Installment Sale Contract, ECF No. 1-3. The contract shows that the total
14   purchase price of the Subject Vehicle in March 2021 was $61,697.10. *Id.*
15   After applying a mileage off-set to the $61,697.10 contract price and two-times civil
16   penalties, Ford argues that the amount in controversy is approximately $170,643.39.

17   **II.   LEGAL STANDARD**
18   Defendants may remove a case to a federal court when a case originally filed in state court
19   presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)–
20   (b), 1446, 1453. Only state court actions that originally could have been filed in federal court may
21   be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
22   Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions with
23   diverse parties and where the amount in controversy exceeds $75,000.
24   The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles,*
25   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against
26   removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right
27   of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.
28   Case No.: 5:24-cv-06740-EJD
     ORDER GRANTING MOTION FOR REMAND
                                                   2

1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

The allegations in the complaint dictate the defendant's burden. When a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the amount in controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *see also Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755–56 (E.D. Mich. 1990) (noting that when a complaint is originally filed in state court, it is highly unlikely that the plaintiff inflated her damages solely to obtain federal jurisdiction). However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

### III. DISCUSSION

Rivera argues that the Court lacks jurisdiction over this action because the amount in controversy does not exceed $75,000. Because Rivera has not clearly or affirmatively alleged total damages above or below[1] $75,000 in his complaint, the burden lies with Ford to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)

Ford argues that the combination of the contract price for the Subject Vehicle and the two-times civil penalties exceeds $75,000.[2] Regarding the contract price, Rivera alleges that he "seeks

---

[1] The parties do not dispute that Rivera's allegation of "damages in a sum to be proven at trial in an amount that is not less than $35,001.00" does not sufficiently specify a total amount in controversy, as this allegation is not repeated in his prayer for relief. Mot. 5 (citing *Guglielmino*, 506 F.3d at 701).

[2] Ford does not advance any arguments regarding the amount of attorneys' fees in controversy.

1   the remedies provided in California Civil Code section 1794(b)(1), including the entire contract
2   price." Compl. ¶ 44.  Ford presents evidence that the total contract price for the Subject Vehicle at
3   the time of purchase was $61,697.10.  However, the contract presented by Ford is an installment
4   contract between Rivera and Ford's affiliated dealership, Jim Burke Ford, whereby Rivera paid
5   $6,810.00 in what appears to be a downpayment on March 25, 2021, and set up monthly payments
6   for the remainder of the purchase price.  The payments began on March 26, 2021, and were set to
7   conclude on April 9, 2028.  As Rivera highlights, Ford has presented no evidence regarding how
8   many payments Rivera has made on the Subject Vehicle to date.

9   This raises the question, if Rivera has not completed all payments, could Rivera recover the
10  entire contract price under Section 1794(b)(1), or only the amount paid?  Section 1794(b)(1) states:
11  "The measure of the buyer's damages in an action under this section shall include the rights of
12  replacement or reimbursement as set forth in subdivision (d) of Section 1793.2." Cal. Civ. Code §
13  1794(b)(1).  Section 1793.2(d) provides, in relevant part, that a manufacturer must "replace the
14  new motor vehicle . . . or promptly make restitution to the buyer" if unable to service or repair a
15  vehicle. *Id.* § 1793.2(d)(2).  If the manufacturer makes restitution, it must be "in an amount equal
16  to the *actual price paid or payable* by the buyer." *Id.* § 1793.2(d)(2)(B) (emphasis added).
17  Therefore, Rivera may only recover "the actual price paid or payable" under Section 1794(b)(1).

18  District courts have varied on their approach to whether the "actual price paid or payable
19  by the buyer" includes the buyer's outstanding payments depending on the facts of the case. *See,*
20  *e.g.*, *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 896 (S.D. Cal. 2021) (collecting cases)
21  (citing *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *3 (C.D.
22  Cal. May 21, 2020); *contra Messih v. Mercedes-Benz USA, LLC*, No. 21-cv-03032-WHO, 2021
23  WL 2588977, at *11–14, 34, n.3 (N.D. Cal. June 24, 2021)).  In cases where the lender is also a
24  defendant, or where the vehicle is leased, some courts have been inclined to consider only the
25  amount paid in calculating the amount in controversy. *See Canesco*, 570 F. Supp. 3d at 896.  The
26  buyer's obligation to pay the remainder of the loan would presumably end if the buyer prevailed
27  on their claims, thus an award beyond that paid would be a windfall.  But awarding the unpaid

1  loan balance may be appropriate in some cases where the buyer has contracted with a third-party
2  lender, such as a bank.  *See id.*  The buyer may still be obligated to repay the third-party lender for
3  the remaining loan balance, regardless of the outcome of the case.  However, the defendant could
4  also potentially pay the lender directly, although the parties have presented no argument regarding
5  what impact if any this would have on the amount in controversy calculations.  *See id.*

6  Here, despite Rivera raising this issue in his motion, Ford has not provided any evidence of
7  payments Rivera made on his loan for the Subject Vehicle, which it presumably has in its control,[3]
8  or advanced any arguments regarding whether Rivera could recover more than the payments
9  already made.  *See* Mot. 8–9 (citing *Jackson v. Mercedes-Benz USA, LLC,* Case No. 5:20-CV-
10 01681-DOC-KK, 2020 WL 7090839, at *2 (C.D. Cal. Dec. 2, 2020) (noting that the installment
11 contract indicated a down payment, but faulting defendant because there were no facts indicating
12 how many payments had been made); *Chajon v. Ford Motor Company*, No. 18-10533 RGK, 2019
13 WL 994019, at *1 (C.D. Cal., Jan. 8, 2019) (finding that Ford's reliance on the manufacturer's
14 suggested retail price, without facts such as sales price, financing, payments made, miles driven,
15 was insufficient to meet the burden of proof on the amount in controversy)); *contra* Opp'n 3, 6
16 (failing to address case law).  Further, Ford has not provided any information regarding its
17 relationship with the lender, a Ford affiliated dealership who is not a named defendant in this
18 case.[4]  It is possible that Ford would pay its affiliated dealership directly for the outstanding loan
19 balance, or the dealership would forgive the outstanding loan balance should Rivera prevail.  In
20 other words, Ford has not made it clear what amount of money, if any, would be "payable" by
21 Rivera if he succeeds on his claims.

22 Ultimately, Ford has the burden to show by a preponderance of the evidence that Rivera
23 has put into controversy the entirety of the Subject Vehicle's purchase price, including any
24 potential unpaid loan balance.  Ford has failed to even engage in this topic, let alone meet that

---

[3] Ford received the Retail Installment Sales Contract and subsequent Repair Order directly from its affiliated dealership that conducted the sale and repair, Jim Burke Ford.  ECF No. 18-1.
[4] Jim Burke Ford was originally named in the state court action and dismissed on August 30, 2024.

Case No.: 5:24-cv-06740-EJD
ORDER GRANTING MOTION FOR REMAND
5

United States District Court
Northern District of California

burden. Bearing in mind that the Court strictly construes the removal statute against removal jurisdiction and must remand if there is any doubt as to the right of removal, the Court finds the $61,697.10 amount speculative[5] and **GRANTS** Rivera's motion to remand.

IV. **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Rivera's motion for remand. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated: February 14, 2025

EDWARD J. DAVILA
United States District Judge

---

[5] Because the actual damages are speculative, the Court need not address the impact of a milage set off or civil penalties based on that price.

Case No.: 5:24-cv-06740-EJD
ORDER GRANTING MOTION FOR REMAND
6